# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1385V

|  |  |
|---|---|
| DAVID WALKER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 5, 2025 |

*Jonathan J. Svitak, Shannon Law Group, P.C., Woodbridge, IL, for Petitioner.*

*Lynn Christina Schlie, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 27, 2022, David Walker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that that he sustained a shoulder injury related to vaccine administration. Petition, ECF No. 1. On October 17, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 28.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $38,080.33 (representing $37,311.60 in fees plus $768.73 in costs). Application for Attorneys' Fees and Costs ("Motion") filed November 14, 2024. ECF No. 32. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on November 15, 2024, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 33. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested for attorney Jonathan Svitak and his supporting paralegals through the end of 2024 are reasonable and consistent with our prior determinations and shall therefore be adopted herein. Petitioner has also requested that I apply the following hourly rates for associates of Shannon Law Group:

|  | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|
| Suzanne Littell, Esq. | $491 | $491 | $491 | $491 |
| Kimberly McCarter, Esq. | X | $491 | $491 | $491 |
| Nathan Marchese, Esq. | X | X | $450 | $450 |

Ms. Littell was admitted to the Illinois Bar in 1996 and admitted to this Court in 2021 (ECF No. 32-5), placing her in the rage of attorneys with 20-30 years' experience based on the OSM Attorneys' Fee Schedules.[3] I incorporate by reference all of the explanatory notes contained in these rate schedules. Ms. McCarter was admitted to the Illinois Bar in 1988 and admitted to this Court in 2022 (ECF No. 32-6), placing her in the Fee Schedules range of attorneys with 31+ years of experience. And Mr. Marchese was admitted to the Illinois Bar in 2013 and admitted to this Court in 2023 (ECF No. 32-7), placing him in the Fee Schedules range of attorneys with 10+ years of experience.

The proposed rates fall within OSM's Fee Schedules relevant to each attorney's level of experience, albeit on the higher end of the Fee Schedules – despite each attorney's lack of significant experience representing Petitioners in the Vaccine Program. But prior experience with Program cases is relevant to what hourly rate an attorney should receive. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

---

[3] The Vaccine Program's Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

Accordingly, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, **I find the following rates to be more appropriate based on each attorney's relevant experience:**

|  | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|
| Suzanne Littell, Esq. | $440 | $440 | $440 | $440 | $440 |
| Kimberly McCarter, Esq. | $475 | $475 | $475 | $475 | $475 |
| Nathan Marchese, Esq. | X | X | $370 | $370 | $370 |

These attorneys will be entitled to rate increases in the future, however, as they demonstrate more experience representing Petitioners in the Vaccine Program. **Adjustment of these rates reduces the amount of fees to be awarded herein by $1,111.20.**[4]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 32-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $36,969.13 (representing $36,200.40 in fees plus $768.73 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] This amount is calculated as follows: ($491 - $440 = $51 x 8.8 hrs.) + ($491 - $475 = $16 x 33.90 hrs.) + ($450 - $370 = $80 x 1.50 hrs.) = $1,111.20.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.